HILBURN *v.* McFERRAN, et al.

Jan. 18, 1954

No. 39054 49 Adv. S. 19 69 So. 2d 842

*Howie, Howie & Montgomery,* Jackson, for appellant.

*Carl E. Guernsey,* Jackson, for appellee.

HALL, J.

On February 20, 1950, Chalmers Mead executed to appellant an exclusive right at his option to purchase within a five-year period a certain parcel of land in the City of Jackson, when the same shall be offered for sale, "for the price which shall be the highest price obtainable for such property." The land was subject to the lien of prior deeds of trust in favor of First Federal Savings & Loan Association of Jackson. Subsequent to the recording of said option Mead executed a deed of trust to Hugh B. Gillespie, Jr., Trustee, to secure an indebtedness owing to W. E. Harreld. This deed of trust covered the land described in the option as well as other land. It was foreclosed and on April 4, 1952, the trustee conveyed to Tom McFerran all land described in the Harreld deed of trust for a consideration of $1,800.00, which was the highest and best bid therefor. This conveyance was subject to the deeds of trust in favor of First Federal Savings & Loan Association.

On October 14, 1952, appellant brought suit in the chancery court against Tom McFerran and W. E. Harreld to enforce his rights under said option, alleging that he is entitled to a conveyance of said property from Tom McFerran for the price paid therefor at the foreclosure sale, that said amount would be the highest price obtainable within the meaning of the option and that since other property was included in the sale complainant has no means of ascertaining the amount paid for the property described in the option; discovery was asked as to the amount paid, and an offer was made in the bill to pay that amount in exchange for a deed from Mc-Ferran.

At the trial appellant introduced in evidence the option in his favor, the deeds of trust to First Federal

Savings & Loan Association, the deed of trust to W. E. Harreld, and the trustee's deed to McFerran, and he then testified as a witness in his own behalf. He stated that before the sale he offered Harreld his money back and that he had never been tendered a deed under his option so that he could pay the amount due. He is engaged in the real estate business with seven years experience and made no effort to state what the highest obtainable price would be. In this connection he testified on cross-examination "I know the highest obtainable price for all of it was $1,800.00, but the part that would apply to the lot I have the option on, I would not know." He was also asked whether he ever paid Mead the recited $1.00 consideration for execution of the option and he replied: "I wouldn't say I did or didn't. I don't really remember." At the conclusion of appellant's testimony he rested his case. Thereupon the defendants made a motion to strike the evidence and dismiss the bill. This motion was sustained by the chancellor upon the ground that the evidence presented on behalf of complainant is insufficient to support the allegations of the bill or to grant the relief sought in the prayer thereof. Consequently the bill was dismissed, and from that action Hilburn appeals.

 Assuming, but without deciding, that the option is sufficiently definite as to the proposed purchase price to be enforceable, the fact remains that the burden was upon the complainant to produce sufficient evidence, particularly as to the highest price obtainable for the property described in the option, to justify the chancellor in granting the relief sought. The chancellor held that the evidence was insufficient and we are unable to say that his action was manifestly wrong. Consequently the decree will be affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.